| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>ABIGAIL ELIZABETH LAMBERT,<br><br>      Defendant. | Case No.: 23-CR-49<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Abigail Elizabeth Lambert, through counsel, hereby submits the following sentencing memorandum.

## I. Witnesses

Defendant does not anticipate calling any witnesses at the sentencing hearing.

## II. Exhibits

Defendant anticipates submitting the following exhibits at the sentencing hearing:

    A-1. Letter from Kimberli Skelton Maloy.

    A-2. Letter from Matthew Maloy.

    A-3. Letter from Rita Bryant.

    A-4. Letter from Benjamin Cooley.

    A-5. Letter from Kathy Knight.

## III. Issues

The Final Presentence Investigative Report (PSR) identified numerous issues that require the Court's resolution. Docket No. 42. However, because the parties have reached a sentencing agreement which includes a joint recommendation to 480 months' imprisonment and a withdrawal

of the Defendant's objections to PSR paragraphs 26, 28, 35, 36, 37, and 39, the only remaining issues for the Court to resolve are: 1) the imposition of the $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act (JVTA) of 2015; and 2) the imposition an assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act (AVAA) of 2018.

    A.        The Court Should Not Impose An Assessment Pursuant To The JVTA

The JVTA requires courts to impose a $5,000 special assessment on any "non-indigent" person. 18 U.S.C. § 3014(a). The Defendant is 32 years old. PSR at p. 2. She has worked her entire adult life. PSR ¶¶ 74-75. She has never earned more than $24,000 in any given year. PSR ¶ 75. The Defendant's indigency is reflected through her earnings history.

The Defendant's personal financial statement detailing her assets and liabilities further demonstrate her indigency. PSR ¶ 77. She has no assets. Id. In addition, the Defendant's financial debt of $7,468 establishes her indigency. PSR ¶ 76.

Because the Defendant is indigent, the Court should not impose the JVTA special assessment.

    B.  The Court Should Not Impose An Assessment Pursuant To The AVAA

In addition to the § 3553(a) factors, the Court must also consider the following criteria to determine whether to impose any penalty pursuant to the AVAA:

> (1) the defendant's income, earning capacity, and financial resources;
>
> (2) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments

would impose;

(3) any pecuniary loss inflicted upon others as a result of the offense;

(4) whether restitution is ordered or made and the amount of such restitution;

(5) the need to deprive the defendant of illegally obtained gains from the offense;

(6) the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence;

(7) whether the defendant can pass on to consumers or other persons the expense of the fine; and

(8) if the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense.

See § 3572.

As written above, the Defendant's income and financial resources were under the poverty line.[1] It seems reasonable to predict that the Defendant's earning potential will be substantially lower approximately 33 years from now when she is released from federal prison and required to register as a sex offender.

The Court should find that §§ 3553(a) and 3572 do not support imposition of a penalty pursuant to the AVAA.

---

[1] https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines

3

Case 1:23-cr-00049-CJW-MAR    Document 44    Filed 03/01/24    Page 3 of 4

## IV. Conclusion

For the above reasons, the Defendant respectfully requests that this Court sustain her objections to PSR paragraphs 105 and 106.

                                        FEDERAL DEFENDER'S OFFICE
                                        222 Third Avenue SE, Suite 290
                                        Cedar Rapids, IA   52401-1509
                                        TELEPHONE: (319) 363-9540
                                        TELEFAX: (319) 363-9542

                                        BY: /s/   Christopher J. Nathan
                                        CHRISTOPHER J. NATHAN
                                        christopher_nathan@fd.org
                                        ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE
I hereby certify that on March 1, 2024, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

                By:   /s/ Melissa Dullea