IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 23-CR-49-CJW-MAR |
| ) | |
| vs. ) | |
| ) | |
| ABIGAIL ELIZABETH LAMBERT, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Sentencing in this matter is scheduled for March 8, 2024, at 3:00 p.m. The United States provides the following information related to sentencing.

**A. Government Witnesses**

None.

**B. Government Exhibits**

1. Sentencing Agreement (to be offered under seal)

**C. Sentencing Issues**

The final draft presentence report (R. Doc. 42) lists six possible issues to be decided by the Court at sentencing. The parties have resolved four of the six issues by sentencing agreement. (GE 1.) Specifically, defendant has agreed to withdraw her objections to paragraphs 26, 28, 35, 36, 37, and 39 of the presentence report. The parties have agreed that the final draft presentence report correctly scores the United States Sentencing Guidelines. Defendant's offenses carry a total statutory maximum sentence of 50 years' imprisonment. The advisory guidelines range,

1

absent consideration of the statutory maximum, is life imprisonment. In the sentencing agreement, the parties have agreed to jointly recommend a sentence of 480 months' imprisonment. (GE 1 at 2.)

In addition to the advisory guidelines issues resolved between the parties in the sentencing agreement, the final draft presentence report lists two other outstanding issues, both of which relate to the applicability of special assessments. Defendant objects to the imposition of either the JVTA special assessment or the AVAA special assessment. (PSR ¶¶ 105-06.)

Under the JVTA, "the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense" under Chapter 110. 18 U.S.C. § 3014(a)(3). Under *United States v. Kelley*, 861 F.3d 790 (8th Cir. 2017), an analysis of a defendant's "current financial situation and his ability to pay in the future is appropriate in determining his non indigent status." *Id*. at 801. Defendant reports that she has no assets and $100 in liabilities. (PSR ¶ 77.) Defendant has a GED and has reported limited earnings over the past ten years. (PSR ¶¶ 72, 75.) It appears that defendant is presently indigent. If the Court determines that defendant is not likely to be able to have an ability in the future to pay, it would not be required to impose the JVTA special assessment.

As for the AVAA assessment, under 18 U.S.C. § 2259A(a)(2), "the court shall assess" not more than $35,000 for "any person convicted of any other offense for trafficking in child pornography." Under 18 U.S.C. § 2259A(a)(3), "the court shall assess" not more than $50,000 for "any person convicted of a child

pornography production offense." In determining the amount of this assessment, the court "shall consider the factors set forth in sections 3553(a) and 3572." 18 U.S.C. § 2259A(c). The government will leave to the court's discretion the appropriate amount of the mandatory assessments.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By: */s/ Dan Chatham*

DAN CHATHAM
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, Iowa 52401
(319) 363-6333
(319) 363-1990 - Fax
Dan.Chatham@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: */s/ RAL*